IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-29-D

| | |
|---|---|
| ZACHERY MICHAEL CRAIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZACHARY MICHAEL DEBARTOLO, ) <br> ) <br> Defendant. ) | **ORDER** |

On March 26, 2014, plaintiff Zachery Michael Crain ("Crain" or "plaintiff") and defendant Zachary Michael DeBartolo ("DeBartolo" or "defendant") filed a joint motion [D.E. 15] to seal the settlement agreement (attached as Exhibit A to defendant's counterclaim). The settlement agreement is located on the court's docket at [D.E. 9] and is temporarily under seal. The settlement agreement contains information confidential to both Crain and DeBartolo that would harm each party's respective competitive standing if publicized. For example, some of the confidential terms in the settlement agreement relate to the commercialization, maintenance, and enforcement of the patent at issue in this case.

The parties took reasonable steps in the settlement agreement to maintain the confidentiality of their business information and to prohibit public access to it. Section eight of the settlement agreement contains confidentiality provisions prohibiting public disclosure of the confidential terms of the settlement agreement. The court and the parties are unaware of any attempts by others to gain access to the settlement agreement for an improper purpose. Nonetheless, a third party might attempt to obtain the settlement agreement to "unfairly gain a business advantage" over either party.

The settlement agreement concerns a state-court case that was dismissed in 2013, and was not the subject of public interest. Rather, the state-court case arose from a business dispute between

two private parties. The settlement agreement does not concern a matter of historical importance.

There is a common-law right to inspect and copy judicial records and documents. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). This right of access to court records, however, is not absolute. See Knight, 743 F.2d at 235. Moreover, the court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); Knight, 743 F.2d at 235. A court should consider the following factors in carrying out this balancing test: (1) whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; (2) whether release would enhance the public's understanding of an important historical event; and (3) whether the public has already had access to the information contained in the records. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004); Knight, 743 F.2d at 235.

The presence of confidential business information in a document, particularly that which would provide a commercial advantage to a competitor, weighs heavily in favor of granting a motion to seal the document. See, e.g., Pittston Co. v. United States, 368 F.3d 385, 406 (4th Cir. 2004); Lord Corp. v. S & B Technical Prods., Inc., No. 5:09-CV-205-D, 2012 WL 4056755, at *1 (E.D.N.C. Sept. 14, 2012) (unpublished) (collecting cases). This principle particularly applies when the owner has taken reasonable steps to maintain the confidentiality of its business information so that the public has not already had access to such information. See, e.g., Lord Corp., 2012 WL 4056755, at *1.

The court has reviewed the entire record and applied the common-law balancing test. That balancing test strongly favors sealing the settlement agreement. Likewise, the First Amendment does not prohibit sealing the settlement agreement. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180–81 (4th Cir. 1988); Rushford, 846 F.2d at 253; In re Washington Post Co., 807 F.2d 383,

2

390 (4th Cir. 1986).

In sum, the joint motion to seal [D.E. 15] is GRANTED. The clerk shall retain, under seal, the settlement agreement (attached as Exhibit A to defendant's counterclaim).

SO ORDERED. This 13 day of April 2014.

JAMES C. DEVER III
Chief United States District Judge

3

Case 7:14-cv-00029-D   Document 21   Filed 04/14/14   Page 3 of 3